# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAREEM OMAR VON EVANS** : | |
| Petitioner, : | |
| : | |
| v. : | **CIVIL ACTION NO. 22-CV-312** |
| : | |
| **KATHY BRITTIAN,** *et al.,* : | |
| Respondents. : | |

## ORDER

**AND NOW**, this 18th day of January 2024, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), Respondent's Response in Opposition (ECF No. 16), the Report and Recommendation from the Honorable United States Magistrate Judge David R. Strawbridge (ECF No. 19), and Petitioner's Objections (ECF No. 20), **IT IS HEREBY ORDERED** as follows:

1. The Report and Recommendation (ECF No. 19) is **APPROVED** and **ADOPTED**;[1]

---

[1] Judge Strawbridge recommended this Court deny the Petition because Petitioner failed to file it within the one-year limitations period or assert a basis for equitable tolling. *See*, 28 U.S.C. § 2244(d). Petitioner filed an objection and asserted for the first time that equitable tolling applies. *See*, ECF No. 20. The Court finds this argument waived and therefore accepts and adopts the Report and Recommendation.

A district court does not have to consider "issues raised for the first time in objections to a magistrate judge's report and recommendation," as parties are not permitted "to raise arguments or issues that were not presented to the magistrate." *Townsend v. Gilmore*, No. 15-1475, 2017 U.S. Dist. LEXIS 37685 at *4, 2017 WL 1021561 (E.D. Pa. Mar. 15, 2017) (quoting *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). Accordingly, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). An issue/objection is deemed waived if the petitioner failed to raise it before the magistrate judge or makes merely "a passing reference" to the issue. *Simmons v. Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991). *See also See Laborers' Int'l Union of N.A. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994); *In re Nat'l Collegiate Student Loan Trs. 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433 (3d Cir. 2020) ("Arguments not presented to a magistrate judge and raised for the first time in objections

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**, without an evidentiary hearing; and

3. Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurist would disagree with this Court's procedural disposition of his claims. Consequently, a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Courts is **DIRECTED** to mark this case **CLOSED**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

to the magistrate's recommendations are deemed waived ... A passing reference to an issue does not suffice to preserve it.").

Courts have found petitioners waive equitable tolling arguments by failing to raise the issue prior to the report and recommendation. *See Henderson v. Bolin*, Civ. No. 20-1523, 2021 WL 6127864, at *3 (D. Minn. Dec. 28, 2021) ("Because Henderson raises his equitable tolling argument for the first time in his objections to the R&R, the issue was not properly preserved and is not available for this Court to review." (citing *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)); *Kahler v. Wal-Mart Stores, Inc.*, No. 20-CV-1536, 2021 WL 3629974, at *5 n.2 (D. Colo. Aug. 17, 2021) "The Court further notes that Kahler raises equitable tolling for the first time in her Objection, thereby waiving the argument." (citing *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001))), *aff'd sub nom. Kahler v. Walmart Inc.*, No. 22-1136, 2023 WL 18358 (10th Cir. Jan. 3, 2023); *Ford v. Broderick*, No. CV-17-00159, 2018 WL 3872223, at *2 (D. Ariz. Aug. 15, 2018) ("In sum, the Magistrate Judge correctly found that Petitioner is not entitled to equitable tolling. The arguments Petitioner raises for the first time in his objection are untimely and do not establish the facts necessary to warrant equitable tolling.").

Because Petitioner failed to raise his equitable tolling argument until his objection to the Report and Recommendation, the Court finds the argument waived and the Petition untimely.